834 F.2d 479
 Ethel M. JOHNSON and Oreng Johnson, Plaintiffs-Appellants,
v.
SMITH COUNTY, TEXAS; A.L. Manning, in his official capacity
as former Sheriff of Smith County, Texas; Tom Beard, Deputy
Sheriff of Smith County, Texas; Bobby Clark Holder, Jr.,
d/b/a Centennial Bonding Agency; and Two Unknown Smith
County Sheriff's Deputies, Defendants-Appellees.
 No. 87-2305
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 21, 1987.
 Brenda Gale Willett, East Texas Legal Service, Inc., Nacogdoches, Tex., for plaintiffs-appellants.
 Mike A. Hatchell, Tracy Crawford, Tyler, Tex., for defendant-appellee.
 Randy Taylor, Dallas, Tex., for Bobby Clark Holder, Jr.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before GEE, GARWOOD, and JONES, Circuit Judges.
 EDITH H. JONES, Circuit Judge:
 
 
 1
 On February 24, 1983, Deputy Sheriff Beard, two or three unnamed deputies, and a bail bondsman attempted to locate Aldenor Widemon, a woman against whom there were several outstanding felony arrest warrants. Finding her car parked near the plaintiffs' house, across the street from the home of Widemon's parents, the defendants conducted a two-to-three-minute warrantless search of plaintiff's house but did not find Widemon.
 
 
 2
 Plaintiffs filed a Sec. 1983 action alleging liability of both the defendant individuals and Smith County for the nonconsensual warrantless search of their home. We affirm the district court's judgment, which was based on a thorough and careful opinion outlining plaintiffs' consent to search and on a finding that there was no county policy permitting warrantless searches.
 
 
 3
 On appeal, plaintiffs first contend that any consent given was ineffective because it was obtained at gunpoint from a visiting friend who had no authority to consent to the search. The trial court's finding that the individual defendants received effective consent prior to searching plaintiffs' house will be set aside only if it is clearly erroneous. Fed.R.Civ.Proc. 52(a). A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed. Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985); see also Montelongo v. Meese, 803 F.2d 1341, 1347 (5th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 2179, 95 L.Ed.2d 835 (1987). The standard does not permit a reviewing court to reverse the finding simply because it would have decided the case differently. Anderson, 470 U.S. at 573, 105 S.Ct. at 1511.
 
 
 4
 The critical testimony on consent came from plaintiff Ethel Johnson, plaintiffs' unrelated friend Willie Johnson, and defendant Beard. Ethel Johnson testified that she heard someone knock on her door during the early evening hours and that she twice asked who was at the door but received no answer. She then asked a visiting friend, Willie Johnson, to see who was at the door. She shortly thereafter went to the door and noticed that Willie had opened the house door and the defendants had opened the screen door. When one of the defendants asked if Alvadale Payne was in the house, she told the men that she did not know who Alvadale Payne was.[1] She testified that the men, carrying guns, then entered and searched her house without ever asking for or receiving permission from her to do so. She also stated that she never stated her displeasure to the defendants or asked them to leave. Additionally, she testified that the defendants never pointed a gun at her or threatened her.
 
 
 5
 Willie Johnson testified that when he went to the door at Ethel Johnson's request, he opened the house door and screen door and noticed a deputy pointing a gun at him. After being asked whether Alvadale Payne was in the house, he then informed the defendants that Payne did not live in the house. He testified that neither he nor Ethel Johnson gave defendants permission to enter and search the house. He remembered one defendant ask, "Do you mind us looking," and then the defendants immediately entered the house and he and Mrs. Johnson just moved aside. He also said that neither he nor Mrs. Johnson protested, nor did the defendants ever threaten him or Mrs. Johnson.
 
 
 6
 Defendant Beard testified that when Mrs. Johnson and Willie Johnson were at the door, he heard a deputy ask whether Alvadale Payne was in the house and whether Mrs. Johnson and Willie Johnson minded if defendants entered the house. He then heard either Mrs. Johnson or Willie Johnson say "no", which Beard assumed meant that defendants could enter the house. Defendants then entered and searched the house, and Beard said no one ever asked them to leave. Beard also testified that he never conducts warrantless searches without consent.
 
 
 7
 Plaintiffs do not challenge the trial court's finding that someone in the house said "no" when one of the defendants asked if anyone minded whether the defendants entered the house. Instead, they argue that the trial court made no finding as to who said "no," and that the record contained no evidence whatsoever that would permit the conclusion that Mrs. Johnson said "no." Even assuming that Mrs. Johnson did not say "no," the trial court could have concluded that the defendants had received effective consent to search the house by noting that Mrs. Johnson stood next to Willie Johnson as he said "no," that neither Mrs. Johnson nor Willie Johnson challenged the defendants' actions, and that neither Mrs. Johnson nor Willie Johnson felt threatened. At a minimum, Mrs. Johnson implicitly consented to the defendants' search. The district court's finding is not clearly erroneous.
 
 
 8
 Although the plaintiffs do not challenge the trial court's finding that Smith County did not maintain a policy or custom of conducting warrantless nonconsensual searches, they ask us to rule as a matter of law that the search here was pursuant to policy or custom. The record reveals no basis to justify such a ruling, because plaintiffs proved, at most, three warrantless searches, one of which was backed up by consent.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Apparently "Alvadale Payne" was one of Widemon's aliases